UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ALEJANDRO FERRUSCA-BARRERA,

    Petitioner,

v.

SUPERINTENDENT, STATE OF OREGON,

    Respondent.

Case No. 6:20-cv-02275-MC

OPINION AND ORDER

MCSHANE, District Judge.

    Petitioner brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for sexual abuse. Petitioner contends that his trial counsel provided constitutionally ineffective assistance by failing to move for severance of charges involving different victims. The state court rejected petitioner's claim in a decision that is entitled to deference, and the Petition is DENIED.

- 1 -    OPINION AND ORDER

BACKGROUND

In November 2012, petitioner's daughter, AM, disclosed to a school psychologist that petitioner had been "molesting her for a few years" by touching her under her shirt and trying to force AM to touch his penis. Resp't Ex. 106 at 181-84. Following AM's disclosure, four of petitioner's nieces – AF, MF, MeF, and EF – also disclosed similar abuse by petitioner.

In May 2013, petitioner was charged by indictment with fifteen counts of Sexual Abuse in the First Degree (Counts 1 through 15) and one count of Sexual Abuse in the Third Degree (Count 16). Counts 1 through 3 alleged petitioner's abuse of AF; Counts 4 through 6 alleged petitioner's abuse of MF; Counts 7 through 9 alleged petitioner's abuse of MeF; Counts 10 through 12 alleged petitioner's abuse of EF; and Counts 13 through 16 alleged petitioner's abuse of AM. Resp't Ex. 102. Petitioner's counsel did not seek severance of the counts at any time.

The case proceeded to trial by jury. AM initially testified that petitioner had touched her breasts under her shirt and made her feel "uncomfortable." Resp't Ex. 106 at 35-38. AM also testified that she asked petitioner to stop and, instead, he told her not to tell her mother. Resp't Ex. 106 at 40-41. Later in her testimony, AM stated that she had "made it all up" and lied about the allegations because petitioner had taken her phone away. Resp't Ex. 106 at 45, 47. MF, MeF, EF, and AF testified that petitioner had similarly abused them and did not recant their allegations. Resp't Ex. 106 at 60-67, 80-85, 98-106, 122-28.

At the close of evidence, the trial court granted a judgment of acquittal on Count 13, relating to AM, and the jury found petitioner guilty on all remaining counts. Resp't Ex. 107 at 78; Resp't Ex. 108 at 4-15.[1] At sentencing, the trial court imposed partially consecutive and concurrent sentences totaling 219 months of incarceration. Resp't Ex. 101.

---

[1] Count 16 was ultimately discharged. Resp't Ex. 101 at 22.

After an unsuccessful direct appeal, petitioner sought post-conviction relief (PCR) in the Oregon courts and alleged that counsel provided ineffective assistance in several respects. Resp't Ex. 113-16. The PCR court denied relief, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 129-30, 133-35.

On December 17, 2020, petitioner sought federal habeas relief in this action.

## DISCUSSION

In his sole Ground for Relief, petitioner contends that his trial counsel provided ineffective assistance by failing to seek severance of the counts for purposes of trial. The PCR court rejected this claim and respondent maintains that its decision is entitled to deference.

A federal court may not grant habeas relief regarding any claim "adjudicated on the merits" in state court, unless the state court ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" established federal law if it fails to apply the correct Supreme Court authority or reaches a different result in a case with facts "materially indistinguishable" from relevant Supreme Court precedent. *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application" of clearly established federal law if the state court identifies the correct legal principle but applies it in an "objectively unreasonable" manner. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam); *see Penry v. Johnson*, 532 U.S. 782, 793 (2001) ("even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable"). To meet this highly deferential standard, a petitioner must demonstrate that the state court's ruling "was so lacking in

justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Under the well-established precedent of *Strickland v. Washington*, 466 U.S. 668 (1984), a habeas petitioner alleging the ineffective assistance of counsel must show that 1) "counsel's performance was deficient" and 2) counsel's "deficient performance prejudiced the defense." *Id.* at 687. To establish deficient performance, petitioner "must show that counsel's representations fell below an objective standard of reasonableness." *Id.* at 688. To demonstrate prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Unless petitioner "makes both showings, it cannot be said that the conviction...resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

Petitioner's counsel did not seek severance because he "determined that there was very little to no chance that such a motion would be granted" and felt his "time and energy would be better spent trying to investigate and present a defense." Resp't Ex. 125 at 2. Petitioner maintains that reasonable counsel would have sought severance of the charges involving each victim, because joinder permitted the prosecution to present evidence that he engaged in similar conduct with different victims and to improperly bolster their credibility through propensity evidence.

The PCR court rejected petitioner's claim and made the following findings:

> [T]he general rule is there will be Joinder and … only in a small number of case-specific situations where severance is allowed. As I examine this I would agree with the Defendant that Petitioner … has failed to prove that severance would've been granted or that there was prejudice in this allegation …The jury instructions and verdict form appeared clear. These were separate charges. The jury was instructed how to utilize the evidence, and that the State must prove every specific allegation, and they must prove it beyond a reasonable doubt.… And as I review this record, it appears to me that the jury and the court proceeded appropriately on this Joinder issue. And I do not find error. And I certainly do not find prejudice in the trial counsel saying there was no legal merit in a severance motion.

- 4 -   OPINION AND ORDER

\*\*\*

> Moreover, a lot of the argument made about Joinder takes the position that if there was a separate trial, none of the other victims would be allowed to testify. And … the State[,] even if there'd been severance, would've been able to put forward these other victims on the issue of intent, motive, a variety of different arguments to be made… And I believe it is highly likely that some, if not all of the other victims would have been allowed to testify, even with a severance.

Resp't Ex. 129 at 18-19, 21-22.

When assessing a claim of ineffective assistance, "[j]udicial scrutiny of counsel's performance must be highly deferential," and a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. In particular, counsel must be afforded "wide latitude … in making tactical decisions," and "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 689-90. The PCR court gave counsel's decision appropriate deference and did not unreasonably apply *Strickland*.

As the PCR court recognized, Oregon law allows charges to be joined for trial if they are "[o]f the same or similar character." Or. Rev. Stat. § 132.560(1)(b)(A). Petitioner's daughter and nieces alleged similar conduct by petitioner – that he rubbed their breasts and buttocks and forced or tried to force three of them to touch his penis. Resp't Ex. 106 at 60-63, 80-84, 99-105, 124-30, 181-84. Accordingly, the charges against petitioner were of "the same or similar character" and joinder was proper under Oregon law. *See State v. Buyes*, 280 Or. App. 564, 569 (2016) (concluding that multiple counts of sodomy and sexual abuse involving different victims were "of the same or similar character" because the defendant's "offenses were based on the patently 'similar conduct' of targeting his young, male family members for sexual purposes").

Although charges may be severed for trial if a defendant is "substantially prejudiced by a joinder of offenses," Or. Rev. Stat. § 132.560(3), petitioner has not identified any specific

- 5 -    OPINION AND ORDER

prejudice aside from his general assertion that the jury heard "bad acts" evidence about his conduct with each victim. However, severance is not required when evidence that might otherwise be excluded is admitted at a joint trial, because "evidence of defendant's criminal behavior during each incident [is] relevant to prove that defendant [] perpetrated the particular offenses." *State v. Miller*, 327 Or. 622, 632 (1998); *Buyes*, 280 Or. App. at 569, n. 2 (explaining that evidence regarding different victims "was admissible for the nonpropensity purposes of proving the particular charges concerning each victim and did not constitute [prohibited] 'bad acts' evidence").

Further, the "mere assertion that evidence relating to some charges will influence the jury's consideration of other charges is insufficient" to show substantial prejudice if the evidence is "sufficiently simple and distinct." *State v. Dimmick*, 248 Or. App. 167, 178 (2012); *see also State v. Delaney*, 314 Or. App. 561, 569-71 (2021) (accord); *Buyes*, 280 Or. App. at 569-70. As the PCR court found in this case, "The jury instructions and verdict form appeared clear. These were separate charges. The jury was instructed how to utilize the evidence, and that the State must prove every specific allegation, and they must prove it beyond a reasonable doubt." Resp't Ex. Resp't Ex. 129 at 18-19. Given the prevailing law in Oregon, the PCR court reasonably deferred to counsel's strategic decision to forgo a motion for severance that likely would have been futile. *See Strickland*, 466 U.S. at 690. Similarly, the PCR court reasonably found that petitioner did not show that a motion for severance would have been granted in order to establish prejudice resulting from counsel's alleged deficiency.

Finally, the PCR court reasonably found that, regardless of severance, the same testimony would have likely been presented in separate trials and petitioner could not show that the outcome of the proceedings would have been different. Resp't Ex. 129 at 21-22; *Strickland*, 466

U.S. at 694; *see also Dimmick*, 248 Or. App. at 178 (a defendant cannot establish substantial prejudice from joinder if "evidence pertaining to the various charges would be mutually admissible in separate trials").

Accordingly, petitioner fails to establish entitlement to federal habeas relief.

## CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED and this action is DISMISSED. A Certificate of Appealability is DENIED on the basis that petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 22nd day of August, 2022.

                                    s/ Michael J. McShane
                                    MICHAEL J. MCSHANE
                                    United States District Judge